IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Mag. No. 23-00021-JFR |
| vs. | ) |
| **JOSE LOUISE TRUJILLO**, | ) |
| Defendant. | ) |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## PROTECTIVE ORDER

THIS MATTER comes before the Court on United States' Unopposed Motion for a Protective Order concerning the disclosure of discovery material to Defendant Jose Louise Trujillo ("Defendant"). (Doc. 30.) Considering the confidential and law-enforcement-sensitive information that may be disclosed to Defendant pursuant to the United States' disclosure, the United States' unopposed motion is GRANTED.

IT IS HEREBY ORDERED:

1. Any and all discovery material the United States produces to Defendant in discovery shall be reviewed by only (i) Defendant; (ii) Defendant's attorney of record in this case, John C. Anderson; (iii) employees or agents of Defendant's attorney of record; (iv) a photocopying or data processing service to whom it is necessary that Defendant provide the materials to for purposes of preparation for trial, direct appeal (if any); and collateral attack (if any) of this case; and (v) experts or investigators assisting in the preparation for trial, direct appeal (if any), and collateral attack (if any) of this case. No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court. Nor shall the contents of any discovery material be disclosed, in any other manner, to any individual or entity except as

provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

2. Defendant shall use discovery material and its contents solely for (i) preparation of trial, (ii) direct appeal (if any), (iii) collateral attack (if any) of this case, and (iv) plea negotiations with the United States; and for no other purpose whatsoever. No additional copies of any discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed in enumerated items (iv) and (v) above in paragraph 1, Defendant, through his attorney of record, must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.

3. Should Defendant wish to publicly file discovery material produced by the United States, it shall first consult counsel for the United States, in writing, regarding potential sealing or redactions. If the parties cannot reach an agreement, the United States shall file a motion as soon as practicable seeking the preclusion of the public filing of all or some of the discovery material. The United States shall bear the burden of showing that such material should not be made public. Defendant shall not publicly file discovery material unless and until the parties agree that public filing is appropriate or the Court orders that such filing is appropriate.

4. At the request of the United States, Defendant shall (i) return all copies of material that was inadvertently produced in discovery, (ii) destroy or delete any additional digital copies in its possession, and (iii) seek the return or destruction of any such materials that were provided to any other individuals or entities outlined in paragraph 1. This paragraph does not limit Defendant's right to challenge the United States' claim that a document is not subject to discovery. Under such circumstances, the Defendant shall inform the United States in writing of

its position regarding discoverability. If the parties cannot reach an agreement, the United States shall file a motion with this Court seeking the return and/or destruction of the produced material. The Defendant shall not make use of material that the United States has claimed was inadvertently produced unless and until the parties reach an agreement on its use or this Court enters an order finding that it is discoverable.

5.    Within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the United States and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the United States or destroyed by Defendant, unless the Court (or United States) gives specific written permission for an exception to this requirement.

6.    This Order also applies to all individuals and entities to whom Defendant, pursuant to this Order, shows or discloses the contents or substance of any material produced to him by the United States. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes: including sanctions or contempt for violation of this Order.

IT IS SO ORDERED.

_____
HONORABLE JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE

_____
[signature of person or entity receiving disclosure of discovery material pursuant to the terms of this Order]
[Name of person executing]
[Title of person executing]

Date: _____