IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                    Criminal No. 23-748 KWR

v.

SOLOMON PEÑA,
DEMETRIO TRUJILLO, and
JOSE LOUISE TRUJILLO,

    Defendants,

## DEFENDANTS' MOTION FOR ORDER TO COMPEL DETENTION FACILITY TO ALLOW POSSESSION AND USE OF LAPTOP COMPUTER

Defendants Solomon Peña, Demetrio Trujillo, and Jose Louise Trujillo, through undersigned counsel, respectfully move this Court for an order to compel the detention facilities in which Defendants are housed to permit Defendants to possess and use a personal laptop computer for the purposes of reviewing discovery and preparing for trial during the pendency of this case. The Government has been consulted on this motion, and indicates that it takes no position on the relief requested herein. In support of this motion Defendants submit as follows:

**Background and Need for Computer**

On May 24, 2023, a grand jury returned an Indictment charging Defendants with violations of 18 U.S.C. §§ 371, 245(b)(1)(A) and 924(c). Doc. 33. On July 14, 2023, this Court entered an Order declaring the case complex. Doc. 79. To date, the Government has produced voluminous discovery materials including numerous audio and video files, including files from cell phones and other media that do not translate well to paper. Discovery motions have yet to be filed, but may result in further discovery productions.

Defendants have a right to receive and review discovery and participate in preparing their defense. U.S. Const. Amends. V, VI. It is impractical and costly to attempt to review thousands of pages of discovery in paper format, especially when such evidence is sensitive and should be kept away from other inmates.

Given that the discovery materials are already in digital form, providing Defendants with a computer to store and review the existing and any new discovery which may be produced is the only way for them to exercise their due process rights of participating in their defense and also greatly reduces the security risks posed to Defendants by requiring them to physically store and review page-by-page thousands of pieces of paper.

**Precedent for Ordering Electronic Discovery Review in the District of New Mexico**

Other criminal defendants prosecuted in the District of New Mexico have been provided digital computing devices in order to be able to review discovery and assist in their defense. *See United States v. Angel DeLeon et al.*, CR 15-4268 JB, *United States v. Anthony Baca et al.*, CR 16-1613 JB and *United States v. Cornelius Galloway, et al.*, CR 17-1235 WJ.

**Proposed Laptop for Defendants**

Defendants respectfully submit that cause exists for the entry of an Order compelling the detention facilities in which they are housed to permit them to have access to a computer, not a tablet, containing discovery and which can be updated by counsel as warranted by developments in their case. Undersigned counsel states that Defendants computers will be WiFi-disabled and otherwise have no access to the internet. The computers will have all USB ports disabled while in Defendants' custody and permit Defendants to view discovery only, but not create any documents or files, or alter any files in any way. Counsel are prepared to furnish such a device to

the Court and to the detention facility for independent inspection, prior to their delivery to Defendants.

The computers will have a login for Defendants entitled "inmate" through which they can enter a password and then access discovery. The computers will also have a login for administrator, through which the functions of the computer can be disabled and enabled, including access to the internet and the USB ports. There will also be a user login for counsel. Defendants will not be provided the password for the administrator's login or counsel's user login.

In order to provide additional discovery to Defendants, counsel must be able to access the administrator login to turn on the USB ports and then provide the discovery via an external drive through the USB port. Counsel will then turn off the USB ports before providing the computer to Defendants.

The Computer will be provided to Defendants by their counsel, and may be inspected by the detention facility and United States Marshals Service prior to delivery to Defendants, and periodically thereafter, to ensure that no impermissible modifications have been made. The detention facility or USMS, in the presence of Defendant, may inspect the computer using the Defendant's login. Because an inspection of the inmate's login provides the detention facility access to everything to which Defendants have access, and an inspection of the inmate's login can reveal if the computer has functions enabled that it should not, the Court should only permit the detention facility and USMS to inspect the computer via the inmate's login, absent some reason to believe the administrator or counsel's login should be inspected. Accordingly, the detention facility and USMS should only be provided with the inmate's login password. If an inspection of the Defendant's login gives any reason to believe the computer has been tampered

3

with or otherwise used in appropriately, the detention facility or USMS may temporarily seize the computer and then must notify the Court and counsel for that Defendant immediately, but not the United States. The United States will only be notified if the Court deems it appropriate.

If good cause exists to inspect the administrator or counsel's login, the detention facility or USMS should be required to inform counsel in writing of said reasons and request an inspection. If counsel deems such inspection is appropriate, the detention facility or USMS should only be permitted to inspect the administrator or counsel's login in the presence of counsel. If counsel does not deem such inspection appropriate, counsel can request the Court intervene.

Under no circumstances should the detention facility or USMS be able to change any password on the computer without a court order

The United States takes no position on the relief requested herein.

## **CONCLUSION**

WHEREFORE, Defendants, through undersigned counsel, respectfully request that this Court issue an Order allowing Defendants to possess and use a computer for purposes of discovery review and trial preparation while detained at their detention facility for the pendency of this case.

Dated: July 24, 2023

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/ John C. Anderson*
By: _____
John C. Anderson
110 N. Guadalupe, Suite 1
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
TEL:    (505) 988-4421

FAX:  (505) 983-6043
jcanderson@hollandhart.com

**Attorney for Defendant Jose Louise Trujillo**

/s/ *Todd Hotchkiss*
Todd Hotchkiss
610 Gold Ave. SW, Suite 228
Albuquerque, NM 87102
(505) 243-6776
todd@hotchkisslaw.com

**Attorney for Defendant Demetrio Trujillo**

/s/ *Elizabeth Honce*
Elizabeth Honce
7800 Phoenix NE, Suite C
Albuquerque, NM  87110
(505) 410-3861 (office)
(877) 468-1218 (fax)
ehoncelawyer@yahoo.com

**Attorney for Defendant Solomon Peña.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Assistant United States Attorney Jeremy Peña
Assistant United States Attorney Patrick Cordova
Senior Litigation Counsel Victor Salgado

**Counsel for the United States**

*/s/ John C. Anderson*
John C. Anderson

30140406_v1

5