IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                         Criminal No. 23-748 KWR

SOLOMON PENA, DEMETRIO TRUJILLO, and JOSE TRUJILLO,

    Defendants.

## DEFENDANT SOLOMON PENA'S MOTION TO SUPPRESS

Pursuant to Fed. R. Crim. P. 41(h) and the Fourth Amendment to the United States Constitution, Defendant Solomon Pena ("Defendant Pena") respectfully moves this Court to suppress all evidence resulting from the January 3, 2023, stop of the Nissan Maxima that Defendant Jose Trujillo was operating with the express permission of owner of the vehicle, Defendant Pena, and the ensuing inventory search of that vehicle. Defendant Pena asserts that the impoundment of the vehicle and the inventory search was an illegal search and seizure and violated Defendant Pena's Fourth Amendment rights under the United States Constitution.

Defendant Pena joins in the legal analysis and argument with Defendant Jose Trujillo in his Motion to Suppress, in that the impoundment decision must be supported by both a standardized policy and a reasonable community caretaking justification, neither of which were present in this case. The Nissan Maxima at issue was parked on private property and posed no danger to public safety. The owner of the private property was not contacted, nor was Defendant Pena, the owner of the vehicle, contacted, to come and get the vehicle. Defendant Jose Trujillo was being arrested on a warrant totally unrelated to any moving violation with the vehicle. The officers had the information that the car was, in fact, currently registered to Defendant Pena and

1

was currently insured. The only problem with the vehicle is that the registration sticker had not been placed on the license plate after being renewed and the sticker was present in the glove box and was shown to the deputy. There was no reasonable suspicion nor probable cause present to justify the impoundment and/or search of the Nissan Maxima vehicle. Thus, Defendant Pena is in joinder and agreeance with Defendant Trujillo that the seizure and impoundment of the vehicle was unlawful and the search which followed was also unlawful and also everything which flowed from the search, the "fruit of the poisonous tree" was unlawful and must be suppressed as a matter of law.

**Factual and Procedural Background**

Defendant Pena would join with and agree with the Factual and Procedural Background as set forth in Defendant Trujillo's Motion to Suppress, except that Defendant Pena would take issue with the fact that Bernalillo County Deputy Skroch had a suspicion that the vehicle's registration had expired. Defendant Pena asserts that BCSO Deputy Skroch knew that the registration on the Nissan Maxima vehicle had not expired and that the car was insured, as the deputy already had that information displayed on his onboard computer. The only violation which the deputy could have observed was an expired sticker on the license plate.

Defendant Pena adopts Defendant Jose Trujillo's Exhibits A, B, C, and D and their usage in this Factual and Procedural Background.

At no time did BCSO Deputy Skroch ever attempt to contact Defendant Pena, the registered owner of the vehicle, to come and get his Nissan Maxima on the private parking lot. Evidence shows that the Deputy could have done so, as it was easy enough to call Defendant

Pena the next morning to come retrieve the vehicle from the impound, which Defendant Pena did.

Defendant Pena understands that upon the illegal search and seizure, that guns were found which later, when tested against casings found at the scene of the drive-by shooting alleged in Count Four of the indictment, are alleged to be linked to that drive-by shooting. Additionally, Defendant Pena understands that upon the illegal search and seizure, that a quantity of drugs was found in the vehicle. Defendant Pena asserts that he has never had possession of or knowledge of either these guns or drugs which were found in this illegal search and seizure, and that Defendant Jose Trujillo has stated that Defendant Pena had no knowledge of either guns or drugs in the vehicle; however, Defendant Pena asserts that no matter what was in the vehicle, that BCSO Deputy Skroch had no reasonable suspicion, probable cause, nor was there a standardized policy and community caretaking justification to impound Defendant Pena's vehicle,

*Argument*

Defendant Pena would join and agree in the legal argument presented by Defendant Jose Trujillo in his Motion to Suppress, and would add, as follows:

If under the Fourth Amendment to the United States Constitution, the people have the right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and that that right shall not be violated, (*United States v. Jones,* 565 U.S. 400, 404 (2012), then the only way for a search to be reasonable "requires the obtaining of a judicial warrant. In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." (*United States v. Venizia,* 955 F.2d 1405, 1408 (10th Cir.

3

1992).   In order for an impoundment, towing and inventory of a vehicle to fall under an exception to the warrant requirement, it must be a lawful impoundment. (*Dakota v. Opperman,* f428 U.S. 364 (1976).  As set forth in Defendant Jose Trujillo's Motion to Suppress, Defendant Pena agrees that the Supreme Court and the Tenth Circuit have set forth stringent circumstances under which a vehicle may be considered lawfully impounded.  Otherwise, there is no exception to the warrant requirement.

### ***Defendant Pena has Standing to Contest the Impoundment of the Vehicle, Inventory Search of the Vehicle and Seizure of Evidence***

Defendant Pena is the legal, legitimate owner of the Nissan Maxima in question. Defendant Pena gave permission for Defendant Jose Trujillo to borrow his vehicle.  Thus, Defendant Pena had a "legitimate possessory interest in [the vehicle]" and gave Defendant Jose Trujillo "lawful control over the car"; thus satisfying *United States v. Hocker,* 333 F. 3d 1206, 1209 (10th Cir. 2003), (quoting *United States v. Allen,* 235 F.3d 482, 489 (10th Cir. 2000).  The owner and the operator both had a legitimate expectation of privacy in the vehicle and thus both have standing to challenge the impoundment and search of the vehicle.

### *United States v. Sanders* **796 F.3d 1241 (10th Cir. 2015)** *controls*

Defendant Pena adopts and joins and agrees with the legal argument made by Defendant Jose Trujillo in his Motion to Suppress, and would add to it, as follows:

In order to lawfully impound "a vehicle located on private property that is neither obstructing traffic nor creating an imminent threat to public safety is constitutional only if justified by a standardized policy and a reasonable, non-pretextual community-caretaking rationale." *Sanders,* 796 F.3d at 1248.  It is uncontroverted that the Nissan Maxima in question

which was the property of Defendant Solomon Pena, with Defendant Jose Trujillo as the lawfully permitted user, was parked on private property at the time Deputy Skroch stopped it.

Under the rationale in *Sanders*, Deputy Skroch could only have lawfully impounded the Nissan Maxima vehicle from private property if the vehicle were blocking traffic, if the vehicle were posing an imminent threat to public safety, or there was a standardized policy and a reasonable non-pretextual community-caretaking rationale. It is clear from the video of the stop that the vehicle was not blocking traffic, nor was the vehicle posing an imminent threat to public safety. Under *Sanders,* therefore, the only way the impoundment, inventory, and search and seizure of the vehicle and its contents without a warrant would be if there was a standardized policy and a reasonable, non-pretextual community-caretaking rationale which could have been used by BCSO. Both criteria must be met in order to meet the exception to the warrant requirement.

There was no reasonable suspicion that Defendant Jose Trujillo had just committed a crime or was about to commit a crime. There was no probable cause to believe that this vehicle was involved in a crime. The warrant that Defendant Jose Trujillo was arrested on had no relationship to the vehicle. The vehicle was not evidence. Since BCSO policy 311-2(J) provides that "vehicles will not be towed from private property unless needed as evidence, or pursuant to a lawful court order," BCSO Deputy Skroch had no lawful ability to impound the Nissan Maxima vehicle in this case under that section of their policy manual. Additionally, under *United States v. Chavez,* 98 5 F.3d 1234 (10th Cir. 2021), Deputy Skroch had no lawful authority to impound the vehicle simply because he was arresting Defendant Jose Trujillo on a warrant.

Defendant Pena adopts and joins and agrees with Defendant Jose Trujillo's position and legal argument on this point and agrees with Defendant Jose Trujillo that any impoundment,

inventory search and/or seizure of evidence and any "fruits of the poisonous tree" arising from such illegal search and seizure, are unconstitutional and violate the Fourth Amendment of the United States Constitution.

***There is no Non-Pretextual Reasonable Community-Caretaking Rationale for impounding, inventorying, the search and seizure and the fruits which came therefrom.***

Defendant Pena joins and agrees with the legal argument made in Defendant Jose Trujillo's Motion to Suppress and adds to it, as follows: Under the *Opperman v. South Dakota* case, as quoted and interpreted in *Sanders,* warrantless impounds may be constitutional when "required by the community-caretaking functions of protecting public safety and promoting the efficient movement of traffic,". Since the Nissan Maxima vehicle was parked safely in a parking space on public property, neither of those functions would apply. There no need to protect public safety from a parked car and there was no movement of traffic.

In determining whether law enforcement is engaged in the community-caretaking function, the *Sanders* case lists five factors:

One, whether the vehicle is located on public or private property. It is established that the vehicle in this case was parked on private property and under the *Venezia* case, 995 F,3d at 1178, that public safety is less likely to be at risk when the vehicle is parked on private property.. Defendant Pena also agrees with and adopts the argument of Defendant Jose Trujillo on this matter.

Two,.since the car was parked on private property, was the property owner consulted to see if the car could remain legally parked upon the private property? In this case, BCSO Deputy Skoch never consulted with the owner of the private property When the property owner allows

6

the car to be parked upon the private property, that significantly diminishes the risk to the public's safety, and that the officers could not just infer the wishes of the property owner; that the officers actually have to ask the property owner (See to see if it were all right to leave the Nissan Maxima car parked upon the property, *Woodard* 5 F.4th at 1156.

Three, were there alternatives to impoundment? Could a sober licensed driver have been called to the scene to drive the car back home? Almost certainly that answer would have been yes. Had Defendant Pena been called, as the registered owner, he would have immediately responded to the scene and driven the car to his home. When Defendant Pena was called the next morning and informed the car was at the impound, he immediately went to the impound and retrieved the vehicle. He would have done so had he been called and told what had happened and where the vehicle was.

In order for there to be a valid impoundment under the community-caretaking exception to the warrant requirement, the impoundment must be done on a non-pretextual basis. Defendant Pena asserts that BCSO Deputy Skoch was proceeding with the impoundment, inventory and search and seizure of the vehicle with resultant "fruits of the poisonous tree" on nothing more than pretext and only pretext.

Four, the Nissan Maxima vehicle was not implicated in a crime. There was no nexus for what Defendant Jose Trujillo was being arrested for on the warrant and the vehicle. The only reason for the stop on the vehicle was "suspicion" of an expired registration, even though Deputy Skroch already knew that the care had a current registration and it was just a case of a missing sticker on the license plate, and there was no reasonable suspicion or probable cause to believe that the Nissan Maxima vehicle had been involved in any crime or was stolen or was evidence.

7

Defendant Pena also adopts and joins in the legal argument of Defendant Jose Trujillo in his Motion to Suppress in this regard.

Five, whether the driver or owner of the vehicle expressly consented to the impoundment, inventory and search of the vehicle., In this case, Defendant Jose Trujillo expressly did not consent to any inventory or search of the vehicle. Defendant Jose Trujillo was told that the vehicle was going to be impounded, inventoried and searched whether Defendant Jose Trujillo liked it or not. Defendant Pena asserts, of course, that this decision to impound the vehicle was unlawful. Defendant Pena adopts and a joins in the legal argument in this matter of the case of *United States v. Roth,* 944 F. Supp 858, 863 (D. Wyo. 1996), where an officer never informed the Defendant that fd

### *A Lawful Impoundment is a Prerequisite to a Lawful Inventory Search under United States v. Lugo,* 978 F. 2d at 631, 636 n.3

Defendant Pena asserts that the decision to impound his vehicle, the Nissan Maxima, was unlawful. If the impound is unlawful, then under *Lugo* and its progeny, the inventory, search and seizure, and all "fruits of the poisonous tree" which may flow from it are unlawful and constitute a violation of the Fourth Amendment of the United States Constitution. Defendant Pena asserts that suppression is the only remedy.

Defendant Pena joins in and agrees with the legal argument of Defendant Jose Trujillo in this matter, in that the fruits of the poisonous tree from this unlawful impoundment, unlawful inventory and unlawful search and seizure run in many directions, and that all of it should be suppressed. Defendant joins in and agreed with the legal argument of Defendant Jose Trujillo that all recorded telephone calls which Defendant Jose Trujillo made from jail should be included in

these fruits of the poisonous tree.  None of this evidence would have come forth except for the unlawful impoundment, unlawful inventory, and unlawful search and seizure of the Nissan Maxima vehicle on January 3, 2023.

**Conclusion**

Defendant Pena asserts that it is clear that the vehicle was parked on private property; that there was no non-pretextual community-caretaking rationale which could have been exercised by the Deputy; that the BCSO Deputy Skroch never tried any alternatives to impoundment; never spoke with the private property owner; never called the owner himself to come and get the vehicle or another sober, licensed driver to drive the vehicle home; nothing.  There was no nexus between the arrest of Defendant Jose Trujillo on the warrant and the missing registration sticker on the vehicle.  There was no evidence that the vehicle had been involved in a crime or that the vehicle itself was evidence.  Defendant Jose Trujillo expressly did not consent to search, yet Deputy Skroch, without a warrant or reasonable suspicion or probable cause to believe that a crime had just been or was about to be committed, informed Defendant Jose Trujillo that the vehicle was going to be impounded and searched whether Defendant Jose Trujillo liked it or not.

The impoundment was pretextual.  BCSO Deputy Skrotch was on an unlawful fishing expedition.  The impoundment of the Nissan Maxima and all that flowed from it was unlawful and should be suppressed.

Dated July 31, 2023.

Respectfully submitted,

By:_____*/s/ Elizabeth A. Honce*_____
ELIZABETH A. HONCE, ESQ.

Attorney for Defendant Solomon Pena

HONCE LAW OFFICE LLC

7800 Phoenix NE, Suite C

Albuquerque, NM 87110

(505) 410-3861

ehoncelawyer@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I field the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notic e of El;ectronic Filing:

Assistant United States Attorney Jeremy Pena

Assistant United States Attorney Patrick Cordova

Senior Litigation Counsel Victor Salgado

**COUNSEL FOR THE UNITED STATES**

___/s/__Elizabeth A. Honce, Esq._____
Elizabeth A. Honce, Esq.

.