# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case 1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

## **ORDER**

THIS MATTER comes before the Court upon the United States' Objection to Defendant's Expert Witness Notice. Doc. 231. The United States asserts that Defendant's Expert Notice fails to specify the opinions he will elicit from his expert witness and the basis of those opinions, as required by Federal Rule of Criminal Procedure 16(b)(1)(C). *Id*. Accordingly, the United States asks this Court to compel Defendant to supplement his notice no later than September 1, 2024. This Court agrees with the United States and finds under Fed. R. Crim. P. 16(b)(1)(C), a supplemental notice is warranted.

Under Fed. R. Crim. P. 16(b)(1)(C)(iii), the disclosure for each expert witness must contain, "[1] a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; [2] the bases and reasons for them; [3] the witness's qualifications, including a list of all publications authored in the previous 10 years; and [4] a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."

On August 8, 2024, Defendant filed a Notice of Intent to Offer Expert Testimony. Doc. 209. Defendant states he intends to call Mr. James Fraser-Paige to offer expert testimony related to firearms. *Id*. Defendant's notice states Mr. Fraser-Paige will testify regarding the "weapons

which were seized, cartridges found, and the cartridges not found. Additionally, Mr. Fraser-Paige will testify as to the plausibility of the scenario which Demitro (*sic*) Trujillo is claiming occurred during the Jan 3, 2022, incident." Doc. 209 at 2. The United States asserts that Defendant's notice does not specify what expert opinions Mr. Fraser-Paige will offer on the weapons seized nor does it provide the basis of those opinions. Doc. 231 at 2. Furthermore, "[t]he notice also does not specify how Mr. Fraser-Paige intends to opine on the plausibility of Demetrio Trujillo's expected testimony, nor does it provide a basis for that opinion. And Defendant has not provided any expert report to supplement his notice." *Id*.

Although the Court is required to conduct a *Daubert* examination of all experts before it, it need only expressly address the specific objections raised by the parties. *United States v. Avitia-Guillen*, 680 F.3d 1253, 1259 (10th Cir. 2012) ("When a party fails to object to an expert's methodology, the district court need not make explicit findings."). The proponent of the expert bears the burden by a preponderance of the evidence to establish that the requirements for admissibility have been met. *See Nacchio*, 555 F.3d at 1251. "Faced with a proffer of expert scientific testimony…the trial judge must determine at the outset…whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) citing, *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786. "It is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert*." *Id*. "[W]hen faced with a party's objection, [the court] must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Avitia-Guillen*, 680 F.3d at 1256 citing, *Goebel*, 215 F.3d at 1088.

When a defendant does not comply with Rule 16(b)(1)(C), a district court may exclude a witness's testimony. Fed. R. Crim. P. 16(d)(2). Here, the United States asserts that based on Defendant's expert notice, it does not have a fair opportunity to prepare for cross-examination. Doc. 231 at 4 citing, *United States v. Beavers*, 756 F.3d 1044, 1054 (7th Cir. 2014), *United States v. Chapman*, 2015 U.S. Dist. LEXIS 176598, at 6 (D.N.M, Aug. 18, 2015). Therefore, the United States asks this Court to compel Defendant to file a supplemental expert notice. Doc. 231 at 5 citing, *United States v. Jones*, 842 F.3d 1077, 1081 (8th Cir. 2016). This Court agrees with the United States and sustains the Government's objection. Defendant's expert notice (Doc. 209) does not satisfy the requirements under Rule 16(b)(1)(C)(iii). Accordingly, this Court orders Defendant to file a supplemental expert witness notice. Defendant is instructed to file a supplemental notice with this Court no later than August 26, 2024, containing the requirements set forth in Fed. R. Crim. P. 16(b)(1)(C)(iii).

**IT IS THEREFORE ORDERED** that the United States' Objection to Defendant's Expert Witness Notice (Doc. 231) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant file a supplemental expert notice containing the requirements herein with this Court no later than August 26, 2024, at 5:00 P.M.

**IT IS FURTHER ORDERED** that should the United States wish to file a *Daubert* challenge to the expert witness in question, it must do so and file its objection by August 30, 2024, at 5:00 P.M.

**IT IS FINALLY ORDERED** that should the United States file a *Daubert* challenge, Defendant must respond to the United States by September 3, 2024, at 5:00 P.M.

       /S/_____
       KEA W. RIGGS
       UNITED STATES DISTRICT JUDGE