IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                      23-CR-00748-KWR

SOLOMON PENA,

        Defendant.

## OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO SPECIAL AGENT SWARTZ'S EXPERT TESTIMONY

THIS MATTER comes before the Court on Defendant Solomon Pena's objection to the testimony of a United States expert witness on March 17, 2025. The Court finds that the objection is not well taken, and therefore, is **OVERRULED**.

BACKGROUND

On January 12, 2024, the United States filed a notice of its intent to offer expert witness testimony. Doc. 121. It introduced Special Agent ("SA") Macmanus and previewed his testimony. *See* Doc. 121. Defendant raised no objection to his testimony or expert designation before trial.

In the Court's scheduling order, it stated that the deadline for the United States's expert disclosures was December 23, 2024. Doc. 289 at 2. The United States included SA Swartz on its third amended witness list entered on February 3, 2025. Doc. 322. The parties submitted a Joint Proposed Trial Schedule, in which the United States proposed to call SA Macmanus and not SA Swartz. However, all parties reserved the right to call witnesses previously named on the witness list. *See* Doc. 341 at 6. The United States did not file its notice regarding possible witness substitutes—which included its intent to offer SA Swartz to replace SA Macmanus—until March

1

5, 2025. *See* Doc. 349. Around this date, the United States submitted a cell-site expert report prepared by Macmanus as an exhibit. *See* Doc. 350.

The United States did not explicitly declare SA Swartz as an expert witness. *See* Doc. 349. However, the Court finds that sufficient notice was given that the United States intended to declare SA Swartz as an expert witness. The United States had previously disclosed SA Macmanus as an expert witness. *See* Doc. 121 (United States's Notice of Intent to Offer Expert Witness Testimony). The United States disclosed with SA Macmanus a cell-site analysis report serving as the basis for his opinion. Doc. 121. Though the United States did not expressly state that it was replacing one expert (Macmanus) with another expert (Swartz), it attached his CV to the notice, Doc. 349, and provided Defendant with the contents of his independently created cell-site analysis report, Ex. 166. SA Swartz's CV was also included on the United States's Second Amended Exhibit List (Ex. 163) filed on February 3, 2025. These are clearly steps taken to satisfy Federal Rule of Criminal Procedure 16's requirements for disclosing an expert witness. Defendant again raised no objection to SA Swartz's testimony or designation as an expert before trial.[1]

Defendant objected to SA Swartz's expert testimony for the first time on March 17, 10 days after he received SA Swartz's expert report and after trial had been going for a week.

## DISCUSSION

Defendant raises two objections to SA Swartz's expert testimony. First, Defendant argues that his expert testimony violates the Sixth Amendment's Confrontation Clause. Second, Defendant argues that the United States did not comply with Federal Rule of Criminal Procedure

---

[1] On February 10, 2025, Defendant filed pre-trial objections to the United States's exhibit list. Doc. 335. This included an objection to export report exhibits. *See id.* at 2. However, Defendant's objection was limited to the use of the expert report exhibits as substantive evidence. *Id.* Defendant did not raise any pre-trial objection to Special Agent Swartz testifying as an expert witness.

16 when it did not provide notice of its intent to call SA Swartz as an expert witness before the expert witness disclosure deadline. For the reasons discussed below, the Court finds that Defendant's objection is without merit, and therefore, is overruled.

## I. Sixth Amendment Confrontation Clause

SA Swartz's expert testimony presents no issue under the Sixth Amendment's Confrontation Clause or the Supreme Court's requirement that a testifying expert have prepared the report on which they rely.

The Sixth Amendment's Confrontation Clause confers upon the accused, "[i]n all criminal prosecutions , . . . the right . . . to be confronted with the witnesses against him." *Bullcoming v. New Mexico*, 564 U.S. 647, 658 (2011); U.S. Const. amend. VI. "[T]he Clause does not tolerate dispensing with confrontation simply because the court believes that questioning one witness about another's testimonial statements provides a fair enough opportunity for cross-examination." *Bullcoming*, 564 U.S. at 662. Where an out of court statement is testimonial—that is "prepared in connection with a criminal investigation or prosecution" —the Constitution guarantees a criminal defendant the right to confront the declarant. *Id.* at 658–59; *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009). This includes expert witnesses and their reports. *Bullcoming*, 564 U.S. at 658–59.

Here, the Government offered SA Swartz as a replacement witness for SA Macmanus. SA Swartz based his testimony on an independently generated peer review of the underlying location data, not SA Macmanus's report. The Tenth Circuit requires that an expert who may have reviewed another expert's report to have acted independently, rather than parrot the report as their own testimony. *Cf. United States v. Affleck,* 776 F.2d 1451, 1457–58 (10th Cir. 1985) (finding no error in a district court's admission of hearsay statements relied upon by an expert to form an opinion

where the "expert's testimony was not simply a summarizing of the out-of-court statements of others" and "consisted primarily of his conclusions" based in part on hearsay). Put another way:

> If an expert simply parrots another individual's out-of-court statement, rather than conveying an independent judgment that only incidentally discloses the statement to assist the jury in evaluating the expert's opinion, then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement.

*United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012). SA Swartz testified under oath that he acted independently and based his report on his first-person understanding of the data based on his expertise. There is nothing to suggest that he was somehow parroting a report that he did not prepare in violation of the Confrontation Clause.

Nor did SA Swartz somehow implicitly assume the accuracy of SA Macmanus's report in his own preparation or testimony. *See Pablo*, 696 F.3d at 1289 (Confrontation Clause exists where an expert "witness was implicitly assuming the accuracy of" another unavailable expert witness's DNA analysis). Indeed, SA Swartz testified that he corrected two parts of SA Macmanus's report, both substantively and stylistically. SA Swartz has not somehow acted as a surrogate for SA Macmanus as a way of doing an end-run around the Confrontation Clause. *Bullcoming*, 564 U.S. at 661–62.

Ultimately, SA Swartz acted independently when he conducted his peer review of the underlying data at issue and prepared his report and summary. He is an independent witness whom the Defendant had the opportunity to confront. The Court finds no issue under *Bullcoming* or the Sixth Amendment with the Government offering SA Swartz as a replacement for SA Macmanus.

## II.     Federal Rule of Criminal Procedure 16

Defendant objects to SA Swartz's expert testimony, and asks the Court to exclude such testimony, because the United States failed to comply with notice requirements. Federal Rule of

Criminal Procedure 16 requires the Court to "state a time for the government to make its disclosures." Fed. R. Crim. P. 16(a)(1)(G)(ii). "The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." *Id.* Here, the Court set the expert disclosure deadline for December 23, 2024. Doc. 289 at 2. The United States's notice to substitute SA Macmanus, a declared expert witness, was filed well after this window, around a week before trial. The United States disclosed the updated exhibit (SA Swartz's expert report) to Defendant on March 7, 2025. The notice and expert report provided substantially complies with Rule 16's disclosure requirements. *See* Fed. R. Crim. P. 16(a)(1)(G).

If the United States fails to comply with Rule 16's disclosure requirements, "the district court *may* order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence, or (4) the imposition of any other just order." *See United States v. Brown*, 592 F.3d 1088, 1091 (10th Cir. 2009) (citing Fed. R. Crim. P. 16(d)(2)) (emphasis added).

Defendant's notice objection to SA Swartz's testimony should be overruled for two reasons. First, Defendant did not comply with Federal Rule of Criminal Procedure 12, and as a result, waived any objection to improper discovery under Rule 16. Second, under the *Wicker* factors, the Court finds that permitting SA Swartz's expert testimony is proper under the circumstances.

A. <u>Federal Rule of Criminal Procedure 12</u>

Defendant waived his right to object to the United States's non-compliant expert disclosures because he did not comply with Federal Rule of Criminal Procedure 12. *See Brown*, 592 F.3d at 1091. Defendant's objection to the United States's non-compliance with Federal Rule of Criminal Procedure 16's notice and disclosure requirements was not timely. Rule 12 requires that an objection to "discovery under Rule 16 . . . must be raised by pretrial motion if the basis for

5

the motion is then reasonably available and the motion can be determined without a trial on the merits." *See* Fed. R. Crim. P. 12(b)(3)(E).

Defendant's notice objection is based on the United States's non-compliance with Rule 16, which states that the United States must comply with the Court's deadline to disclose expert witnesses and their report(s). *See* Fed. R. Crim. P. 16(b)(1)(C). The basis for a motion to exclude SA Swartz's expert testimony was reasonably available before trial, and the Court could've determined the validity of the objection without a trial on the merits. The Court does not find that Defendant showed good cause for his failure to not make a timely motion. *See* Fed. R. Crim. P. 12(c)(3).

Accordingly, the Court finds that Defendant's objection is untimely and therefore waived. Defendant's objection to SA Swartz's expert testimony can be overruled on this basis alone.

    B.  *Wicker* Factors

Even assuming Defendant timely objected to the United States's expert disclosure, the *Wicker* factors weigh in favor of the Court's decision to allow SA Swartz's expert testimony. *See United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999) ("Frequently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed." (citation and internal quotations omitted)). To reiterate, Rule 16 gives the Court substantial discretion to fashion an appropriate sanction, including whether to sanction a party at all. *See* Fed. R. Crim. P. 16(d)(2); *United States v. Banks*, 761 F.3d 1163, 1196–97 (10th Cir. 2014) ("We review de novo whether the district court employed the proper legal standard and performed its gatekeeper role in determining whether to admit or exclude expert testimony, and we review for abuse of discretion the manner in which the district court performs this gatekeeping role." (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)) (cleaned up)); *Charley*, 189

F.3d at 1261–62 ("A district court's decision to apply or not to apply sanctions 'will not be disturbed absent abuse of discretion.'" (citing *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988)).

To determine the appropriate sanction for a Rule 16 violation, the Court must consider the three *Wicker* factors: "(1) the reason for delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the feasibility of curing the prejudice with a continuance." *See Banks*, 761 F.3d at 1198–99 (citing *Wicker*, 848 F.2d at 1061). The *Wicker* factors "merely guide the district court in its consideration of sanctions . . . [and] are not intended to dictate the bounds of the court's discretion." *Id.* at 1199 (citing *Wicker*, 848 F.2d at 1061). Here, all the *Wicker* factors support the Court's decision to permit SA Swartz's expert testimony.

**Reason for delay**. The United States did not comply with the Court's expert disclosure deadline when it provided notice of its intention to replace SA Macmanus with SA Swartz. However, the Court does not conclude that the United States acted in bad faith. As discussed above, the expert witness disclosure deadline was set for December 23, 2024. Doc. 289 at 2. The United States complied with this deadline when it provided notice that SA Macmanus would testify. *See* Doc. 121. But the parties did not propose a trial schedule until February 24, 2025. Doc. 341.

Less than two weeks after filing the joint proposed trial schedule, the United States provided notice that it may have to replace SA Macmanus with SA Swartz in the event SA Macmanus is unavailable to testify. *See* Doc. 349. In the joint trial schedule, the parties estimated the trial to take approximately two weeks. However, defense counsel subsequently revised how long their cross-examinations would last, which significantly reduced the time trial would take and accelerated when witnesses would testify. *Id.* Based on this updated schedule, it was unclear

7

whether Macmanus would be available to testify at the time listed in the trial schedule. *See id*. at 2. In response, the United States proactively provided notice of a possible substitution to ensure that "witnesses [are] available for testimony in advance so that the trial can proceed quickly and the jury's time is not wasted." *See id.* at 1. Furthermore, the United States made clear that SA Swartz's testimony "would not differ in any substantive way from SA Macmanus's testimony." *Id.* at 2. There is no indication that the United States delayed disclosing SA Swartz after finding out that SA Macmanus may be unable to testify. Moreover, the content of SA Swartz's expert testimony does not substantially differ from SA Macmanus's anticipated testimony. Thus, any delay in notice is clearly not motivated by a desire to surprise or to catch the defense off-guard with new, previously undisclosed evidence.

Accordingly, the Court finds that the United States had a legitimate reason for the delay and did not act in bad faith.

**Prejudice**. The Court finds that the United States's delayed disclosure did not significantly prejudice Defendant. Defendant did not argue or articulate any specific prejudice resulting from the delay. SA Swartz's cell-site analysis report is substantially similar to SA Macmanus's report. Doc. 349 at 2 (notice regarding SA Swartz); Doc. 121 at 1–2 (notice regarding SA MacManus). To this point, the United States stated that SA Swartz's report is "essentially a ground-up recreation of each of the steps SA Macmanus took in creating his report" and made clear that Swartz's testimony "would not differ in any substantive way from SA Macmanus's testimony." Doc. 349 at 2. Though Defendant was aware of SA Macmanus's testimony in advance of its own expert witness disclosure on January 6, 2025, Doc. 289 at 2, he did not come forward with an expert of his own. The Court has no reason to believe that Defendant would change its decision not to proffer its own

8

expert testimony if it had advance notice that SA Swartz would be testifying in place of SA Macmanus.

Defendant had ample time to prepare for SA Swartz's expert testimony. SA Macmanus's report, including the underlying data, methodology, and conclusions, was available for Defendant's review months before trial. Moreover, 10 days had passed since the time SA Swartz's report was disclosed until the day of his testimony; this provided a sufficient opportunity to tailor cross-examination to the expert witness at hand. In short, Defendant has had sufficient time to prepare his cross-examination of SA Swartz and is not otherwise prejudiced by the delayed disclosure.

**Feasibility of curing the prejudice with a continuance**. The Court finds that ordering a continuance at this point in the trial is not feasible. Defendant did not object to SA Swartz's expert testimony until the day he was scheduled to testify; at that time, the trial had been going on for a week and only a few witnesses remained. This would result in significant delays. It is also not the case that Defendant just now became aware of the United States's replacement expert; he was able to request a continuance in advance of trial and before a jury was impaneled.

But rather than requesting a continuance to provide more time to prepare cross-examination, Defendant instead asked the Court to exclude SA Swartz's expert testimony entirely. The Court does not find such a drastic remedy to be appropriate under the circumstances. *See Charley*, 189 F.3d at 1262 ("[E]xclusion of [a witness's] expert testimony . . . is almost never imposed 'in the absence of a constitution violation or statutory authority for such exclusion.'" (citing *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999))).

## CONCLUSION

Accordingly, Defendant's objection to Special Agent Swartz's expert testimony is overruled.

It is **SO ORDERED**.

```
      /S/
_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
```